IN THE CIRCUIT COURT OF THE
TWENTIETH JUDICIAL CIRCUIT, IN
AND FOR LEE COUNTY, FLORIDA

**ROBERT BUTLER and**
**STEPHEN HARDY,**

CASE NO.: 24-CA-
FLA BAR NO.: 0739685

  Plaintiffs,

v.

**TZ INSURANCE SOLUTIONS LLC,**

  Defendant.
_____/

## COMPLAINT

  Plaintiff, ROBERT BUTLER and STEPHEN HARDY, hereby sue Defendant, TZ INSURANCE SOLUTIONS LLC, and alleges:

### NATURE OF THE ACTION

  1. This is an action brought under the Florida Civil Rights Act, codified at Chapter 760, Florida Statutes and 29 U.S.C. §621 et seq.

  2. This action involves claims which are, individually, in excess of Fifty Thousand Dollars ($50,000.00), exclusive of costs and interest.

### THE PARTIES

  3. At all times pertinent hereto, Plaintiff, ROBERT BUTLER, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his age, and reporting and disclosing Defendant's ageist practices. Plaintiff was retaliated against after reporting Defendant's unlawful employment practices.

4. At all times pertinent hereto, Plaintiff, STEPHEN HARDY, has been a resident of the State of Florida and was employed by Defendant. Plaintiff is a member of a protected class due to his age.

5. At all times pertinent hereto, Defendant, TZ INSURANCE SOLUTIONS LLC, has been organized and existing under the laws of the State of Florida. At all times pertinent to this action, Defendant has been an "employer" as that term is used under the applicable laws identified above. Defendant was Plaintiff's employer as it relates to these claims.

## CONDITIONS PRECEDENT

6. Plaintiffs have satisfied all conditions precedent to bringing this action, if any. Plaintiff Hardy relies on the single filing rule to bring this claim.

## STATEMENT OF THE FACTS- ROBERT BUTLER

7. Plaintiff, who is 51-years-of-age, began his employment with Defendant in or around August 2015 and held the position of Licensed Agent at the time of his wrongful termination on November 3, 2022.

8. Despite his stellar work performance during his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and held to a different standard because of his age.

9. Plaintiff was a loyal and dedicated employee, having served the Defendant for nearly eight years. During this period, Plaintiff has ranked among the top five agents and additionally received an employee of the month award.

10. Plaintiff has been subjected to a continuous pattern of age-based discrimination primarily, but not limited to, due to the actions of Regional Sales Manager, Michael Fulkerson, who appears to be in his mid-40's.

11. In 2019, Plaintiff notified Defendant that Fulkerson was manipulating inbound leads, in a discriminatory manner which favored younger employees. This negatively impacted Plaintiff's work duties as he was disproportionately assigned sales. Fulkerson was transferred to a separate position out-of-state immediately thereafter.

12. Plaintiff encountered minimal issues thereafter and excelled in his work performance.

13. Then, in April 2022, Fulkerson was promoted to a position which oversaw all supplement teams, including Defendant's Fort Myers office, thereby effectively adding him to Plaintiff's chain of command.

14. In or around May 2022, Darlin reprimanded Plaintiff by way of written write up and credited this decision to Fulkerson who created false allegations against Plaintiff. Notably, during this conversation, Darlin identified Plaintiff as "one of his best agents" or words to that effect.

15. On or about October 16, 2022, during a meeting with Darlin and Quality of Business Coach Will Fiechter, Plaintiff was coerced into signing a written performance reprimand concerning sales calls made on September 17 and 18, 2022. During this meeting, Plaintiff was informed of an alleged 15-point system which he was accused of being in violation of. Despite the issuance of this reprimand, Darlin assured Plaintiff that he had 'nothing to worry about,' or words to that effect.

16. Plaintiff was thereafter terminated on November 3, 2022, due to purportedly submitting false applications which were made on September 17, and 18, 2022, which was conveniently exaggerated to Defendant's benefit and constituted false allegations against Plaintiff.

17. Fulkerson, who is on the Agent Oversight Department, played a role in the decision to terminate Plaintiff.

18. Defendant fostered a work environment that preferentially favored younger employees by offering them more advantageous sales and promotional opportunities. As a result, older employees, including Plaintiff, were disproportionately affected, unable to meet sales quotas and achieve promotions. This creates a cycle where older employees were positioned for termination due to perceived unsatisfactory work performance, as determined by an audit system.

19. Furthermore, Fulkerson has a history of age-based discriminatory practices. This is evidenced by the terminations of Doug Harding, Cindy Brady, and Plaintiff Stephen Hardy under the false allegation of not meeting sales goals or due to a faulty audit system. These terminations were influenced by the Defendant's biased distribution of sales and promotional opportunities and the intentional oversight of performance, all driven by the age of the employees.

20. In contrast to the treatment received by Plaintiff, younger employees such as Adam Darlin, Cayman Day, Cortland Feichter, Michael Fosdick, Nick Perillo, and Daylin Brea have been provided with better sales opportunities and have had more access to promotional opportunities than Plaintiff. They also were not fired under circumstances in which Plaintiff was fired.

21. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## STATEMENT OF THE FACTS- STEPHEN HARDY

22. Plaintiff, who is fifty-seven-years-old (57), began his employment with Defendant on or about January 20, 2011, and held the position of Case Manager at the time of his wrongful termination on or around August 9, 2022.

23. Despite his stellar work performance during his employment with Defendant, Plaintiff was subjected to disparate treatment, different terms and conditions of employment, and was held to a different standard because of his age.

24. The disparate treatment and retaliation came at the hands of specifically but not limited to Regional Sales Manager Mike Fulkerson, who appears to be in his mid-40's.

25. Plaintiff was a loyal and dedicated employee who was presented with prestigious awards such as but not limited to: Agent of the Month for the Fort Myers office.

26. In or around 2017, Plaintiff interviewed for a Team Lead position, for which he was fully qualified. Unfortunately, Plaintiff was passed over in favor of Daylin Brea, an approximately thirty-year-old (30) employee with less tenure than Plaintiff.

27. Notably, Fulkerson, who served on the interview committee, played a role in the decision not to select Plaintiff.

28. On or about June 28, 2022, while on the sales floor, Plaintiff verbally requested a transfer from the Sales position to the Case Management position. Regrettably, this request was disregarded by Fulkerson. Consequently, Plaintiff approached his next chain of command, Mike Wolkonowski, the Head of Sales at TZ Insurance, an approximately forty-year-old (40) employee, who granted Plaintiff the promotion.

29. After approximately six weeks in his new position, the Defendant abruptly and wrongfully terminated Plaintiff's employment, citing a complaint from several months earlier

during his previous position in sales. To justify its decision, Defendant retroactively sought out this complaint, which had occurred over a year prior. Younger agents have/had complaints and were not fired.

30. Fulkerson, who is on the Agent Oversight Department, played a role in the decision to terminate Plaintiff.

31. Defendant fostered a work environment that preferentially favored younger employees by offering them more advantageous sales and promotional opportunities. As a result, older employees, including Plaintiff, were disproportionately affected, unable to meet sales quotas and achieve promotions. This creates a cycle where older employees were positioned for termination due to perceived unsatisfactory work performance, as determined by an audit system.

32. Furthermore, Fulkerson had a history of age-based discriminatory practices. This is evidenced by Plaintiff's previous denial of the Team Lead position and the terminations of Doug Harding, Cindy Brady, and Plaintiff Robert Butler under the false pretense of not meeting sales goals or due to a faulty audit system. These terminations were influenced by the Defendant's biased distribution of sales and promotional opportunities and the intentional oversight of performance, all driven by age discrimination.

33. In contrast to the treatment received by Plaintiff, younger employees such as Adam Darlin, Cayman Day, Cortland Feichter, Michael Fosdick, Daylin Brea, and Nick Perillo have been provided with better sales opportunities and have had more access to promotional opportunities than Plaintiff. They also were not fired under circumstances in which Plaintiff was fired.

34. Plaintiff has retained the undersigned to represent his interests in this cause and is obligated to pay a fee for these services. Defendant should be made to pay said fee under the laws referenced above.

## COUNT I
## AGE DISCRIMINATION
Brought by Plaintiff Robert Butler against Defendant

35. Paragraphs 1 through 3; and 5 through 21, are realleged and incorporated herein by reference.

36. This is an action against Defendant for discrimination based upon age.

38. Plaintiff has been the victim of discrimination on the basis of his age in that he was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

39. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created, perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

40. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

41. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

42. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age.

43. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits. These damages have occurred in the past, are permanent and continuing. Plaintiff is entitled to injunctive relief and to punitive damages under Chapter 760, Florida Statutes and to liquidated damages under the ADEA.

## COUNT II
## AGE DISCRIMINATION
Brought by Plaintiff Stephen Hardy against Defendant

44. Paragraphs 1 through 2; 4 through 6; and 22 through 34 are realleged and incorporated herein by reference.

45. This is an action against Defendant for discrimination based upon age.

46. Plaintiff has been the victim of discrimination on the basis of his age in that he was treated differently than similarly situated younger employees of Defendant and has been subject to hostility and poor treatment on the basis, at least in part, of his age.

47. Defendant is liable for the differential treatment and hostility towards Plaintiff because it controlled the actions and inactions of the persons making decisions affecting Plaintiff or it knew or should have known of these actions and inactions and failed to take prompt and adequate remedial action or took no action at all to prevent the abuses to Plaintiff. Furthermore, Defendant knowingly condoned and ratified the differential treatment of Plaintiff as more fully set forth above because it allowed the differential treatment and participated in same. Defendant's known allowance and ratification of these actions and inactions actions created,

perpetuated and facilitated an abusive and offensive work environment within the meaning of the statutes referenced above.

48. In essence, the actions of agents of Defendant, which were each condoned and ratified by Defendant, were of an age-based nature and in violation of the laws set forth herein.

49. The discrimination complained of herein affected a term, condition, or privilege of Plaintiff's continued employment with Defendant.

50. Defendant's conduct and omissions constitutes intentional discrimination and unlawful employment practices based upon age in violation of Chapter 760, Florida Statutes.

51. As a direct and proximate result of Defendant's conduct described above, Plaintiff has suffered emotional distress, mental pain and suffering, past and future pecuniary losses, inconvenience, bodily injury, mental anguish, loss of enjoyment of life and other non-pecuniary losses, along with lost back and front pay, interest on pay, bonuses, and other benefits.  These damages have occurred in the past, are permanent and continuing.  Plaintiff is entitled to injunctive relief and to punitive damages under Chapter 760, Florida Statutes and to liquidated damages under the ADEA.

## COUNT III
## RETALIATION
Brought by Plaintiff Robert Butler against Defendant

52. Paragraphs 1 through 3; and 5 through 21, are realleged and incorporated herein by reference.

53. Defendant is an employer as that term is used under the applicable statutes referenced above.

54. The foregoing allegations establish a cause of action for unlawful retaliation after Plaintiff reported or opposed unlawful employment practices adversely affecting him.

55. The foregoing unlawful actions by Defendant were purposeful.

56. Plaintiff voiced opposition to unlawful employment practices during his employment with Defendant and was the victim of retaliation thereafter, as related in part above.

57. Plaintiff is a member of a protected class because he reported unlawful employment practices and was the victim of retaliation thereafter. There is thus a causal connection between the reporting of the unlawful employment practices and the adverse employment action taken thereafter.

58. As a direct and proximate result of the foregoing unlawful acts and omissions, Plaintiff has suffered mental anguish, pain and suffering, emotional distress, expense, loss of benefits, embarrassment, humiliation, damage to reputation, illness, lost wages, loss of capacity for the enjoyment of life, and other tangible and intangible damages.  These damages are continuing and are permanent.  Plaintiff is entitled to punitive damages and to injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendant for the following:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendant under the applicable counts set forth above, mandating Defendant's obedience to the laws enumerated herein and providing other equitable relief to Plaintiffs;

(c) enter judgment against Defendant and for Plaintiffs awarding all legally-available general and compensatory damages and economic loss to Plaintiffs from Defendant for Defendant's violations of law enumerated herein;

(d) enter judgment against Defendant and for Plaintiffs permanently enjoining Defendant from future violations of law enumerated herein;

10

(e)     enter judgment against Defendant and for Plaintiffs awarding Plaintiffs attorney's fees and costs;

(f)     award Plaintiffs interest where appropriate; and

(g)     grant such other further relief as being just and proper under the circumstances, including but not limited to reinstatement.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues herein that are so triable.

DATED this 29th day of July 2024.

                Respectfully submitted,

                /s/ Marie A. Mattox
                Marie A. Mattox [FBN 0739685]
                MARIE A. MATTOX, P. A.
                203 North Gadsden Street
                Tallahassee, FL 32301
                Telephone:  (850) 383-4800
                Facsimile:   (850) 383-4801
                Marie@mattoxlaw.com
                Secondary emails:
                marlene@mattoxlaw.com
                michelle@mattoxlaw.com
                discovery@mattoxlaw.com

                ATTORNEYS FOR PLAINTIFF